

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

SAMUEL ALICEA PEREA, et. al.,
v.                                                                                                   CIVIL No.: 98-1954 (DRD)
CERVECERIA INDIA, INC. et. al.

### ORDER

    Pending before the Court is Defendant, Cerveceria India's Motion for Summary Judgment filed on November 23, 1999. (Docket No. 34). The Court on May 4, 2000, referred this case to U.S. Magistrate Judge Justo Arenas for a Report and Recommendation on the disposition of the pending motion in this case. Local Rule 504(3); Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). (Docket No. 12). The Magistrate Judge filed his corresponding MRR on August 14, 2000, recommending that Defendant Cerveceria India's motion for summary judgment as to the disability claim be granted and that the case be dismissed in its entirety, including the state law supplemental claims. (Docket No. 40). On August 28, 2000, Plaintiffs filed a Preliminary Motion in Opposition to Magistrate's Report and Recommendation and Requesting Further Remedies. (Docket No. 42). Defendant, Cerveceria India opposed said motion on September 6, 2000. (Docket No. 42). For the following reasons Plaintiffs Motion in Opposition is **DENIED**.

    The MRR correctly and clearly points out that any objections to the MRR must be filed with the Clerk of Court "within ten (10) days afer being served with a copy thereof." Local Rule 510.2; see Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1). Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Local Rule 510.2. "Failure to file objections within the specified time waives the right to appeal the District Court's order." Local Rule 510.2(A); see United States v. Mitchell, 85 F.3d 800, 803 (1st Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). "Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), cert. denied, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

    Plaintiffs in the Motion in Opposition request the Court to decline to follow the MRR, deny Defendant's Motion for Summary Judgment or in the alternative grant Plaintiffs' additional period of 90 days in which to "perform the necessary discovery, interview witnesses and identify documents necessary to oppose the summary judgment motion now pending, and grant such other and further relief as it may deem necessary and proper." (Docket No. 42). The first argument raised by Plaintiffs is that after Plaintiffs presented a Motion to Withdraw as Counsel of Record (Docket No. 39), which was denied by the Judge Magistrate until new attorney of record appeared to represent Plaintiffs, "the first opportunity to receive and review some of the

file[s] in the case was on Monday, August 14, 2000." (Docket No. 42). Plaintiffs state that as a result of the two emergency days during the month of August due to the possible impact of Hurricane Debbie, counsel was only able to meet with Plaintiffs once. (Docket No. 42). In addition, Plaintiffs point out that for this reason Plaintiffs were not able to "bring any further arguments to the attention of the Court," in relation to the pending claim. (Docket No. 42).

It has been stated that
> Attorneys represent clients, and as a general rule an attorney's blunder binds her client. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-36, 82 S.Ct. 1386, 1390-92, 8 L.Ed.2d 734 (1962); *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir.1992). What is more, litigants have an unflagging duty to comply with clearly communicated case-management orders, and this duty extends even to litigants who proceed pro se. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed. 2d 21 (1993); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.1996).

Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). See Link v. Wabash R.R., 370 U.S. 626, 632-34, 82 S.Ct. 1386, 1389-90, 8 L.Ed.2d 734 (1962); Cotto v. United States, 993 F.2d 274, 281 (1st Cir. 1993). Therefore, since a client is bound to the actions of his counsel and will be deemed "to have notice of all facts, notice of which can be charged upon the attorney," Plaintiffs' motion as to this issue must be **Denied**. Link, 370 U.S. at 633-34.

Second, Plaintiffs allege that the MRR is flawed because it takes into consideration facts which are actually in dispute and list said facts. (Docket No. 42). Plaintiffs argue that the MRR ignores the recent Supreme Court precedent that states that "the court must draw all reasonable inferences in favor of the nonmoving part, and it may not make credibility determinations or with the evidence... Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." (Docket No. 42) (citing Reeves v. Sanderson Plumbing Products, Inc., __ U.S. __, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Further, Plaintiffs state that since this is a Title VII case where issues of motive and intent are at issue, summary judgment is inappropriate. (Docket No. 42).

Pursuant to Local Rule 311.12, a party opposing a motion for summary judgment must include in her opposition "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record." Local Rule 311.12. See Dominguez v. Eli Lilly and Co., 958 F.Supp. 721, 727 (D.P.R. 1997) (Stating that a "party moving for summary judgment [is required] to file a separate, short, and concise statement of material facts that supports its claim that there is no genuine issue of material fact in dispute.") Id. In Ruiz Rivera v. Riley, 209 F.3d 24, 26 (1st Cir. 2000), the Court held that "noncompliance with [Rule 311.12], as manifested by a failure to present a statement of disputed facts . . . justifies the court's deeming the facts admitted and ruling accordingly." Id. Accordingly, if the opposing party fails to comply fully with the requirements of Local Rule 311.12, the Court will deem admitted the facts set forth in the moving party's statement of uncontested facts, which as a practical matter will often be equivalent to entering default judgment against the non-moving party. Defendant complied with Local Rule 311.12, however, Plaintiffs did not. Plaintiffs' Opposition to Defendant's Motion for Summary Judgment did not include a Local Rule 311.12 statement or presented any documents to contest Defendant's statement of facts. Therefore, since Plaintiffs failed to file any documentation showing that there is any issue of material fact the Court finds that Defendant's facts were properly admitted.

Finally, Plaintiffs claim that discovery regarding this case was incomplete. (Docket No. 42). Plaintiffs bring to the attention of the Court that the depositions of Plaintiffs Samuel Alicea Perea and Samuel Alicea Meléndez were commenced on May 26, 1999, but never completed. (Docket No. 42). In addition, Plaintiffs seek additional time to conduct discovery. (Docket No. 42). In Thibeault v. Square D. Co., 960 F.2d 239, 242 (1st Cir. 1992), the Court stated "[w]e firmly believe there must be limits to the amount of time an attorney can command for pretrial preparation." Id. Further, it is a "well established principle that discovery orders, other pre-trial orders, and indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation." Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990). The Court on April 29, 1999, held a Settlement Conference in which the Court established that discovery deadline would be June 30, 1999. (Docket No. 22). However, at no point after discovery cut off, did Plaintiffs file a motion under 56(f) to extend discovery prior to submitting the motion in opposition to summary judgment. "A litigant who has not actively pursue discovery cannot be heard to complain that too little discovery was had." Thibeault, 960 F.2d at 242. As expressed by the Thibeault Court "[i]n short, rule 26 promotes fairness both in the discovery process and at trial." Id. at 244. However, "[f]or Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse." Id. The Court finds that Plaintiffs were dilatory in their duty to adequately engage in the discovery process and therefore, finds their claim without merit.

Wherefore, Plaintiffs Preliminary Motion in Opposition to Magistrate's Report and Recommendation and Requesting Further Remedies is **DENIED** and the MRR is **ADOPTED** *toto*. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

Date: September 29, 2000

DANIEL R. DOMINGUEZ
U.S. District Judge