IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SAMUEL ALICEA PEREA, et al

Plaintiffs

v.

CERVECERIA INDIA, INC., et al

Defendant

CIVIL NO. 98-1954 (DRD)

Taxation of Costs

## TAXATION OF COSTS

Before the Clerk of the Court in the above-captioned case is defendant Cervecería India, Inc. (hereinafter referred to as "Cervecería India") unopposed Bill of Costs. (Docket No. 46).

On September 29th, 2000, the Court entered summary judgment without prejudice in favor of Cervecería India (Docket Nos. 44 & 45). As a prevailing party, Cervecería India now seeks recovery of the following items of costs: (1) fees of the court reporter - $ 1,272.20; (2) fees for exemplification and copies of papers - $ 48.10; and, (3) certified translations of documents - $ 2,368.10.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1)   Fees of the clerk and marshal;

(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;




Civil No. 98-1954 (DRD)                                                                 Page -2-

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987).

The Clerk of Court, having reviewed Cervecería India's Bill of Cost and the record, makes the following determinations.

**Deposition Costs.** Cervecería India seeks to recover $ 1,272.20 for the costs related to the depositions of Samuel Alicea and Samuel Alicea Meléndez. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985).

The invoices submitted with the bill of costs to substantiate the deposition expenses shows the following:

    (1)    Invoice No. 2931
            Depositions of Samuel Alicea Perea and Samuel Alicea Meléndez - 05-26-99.

Civil No. 98-1954 (DRD) Page -3-

|   |   |   |
|---|---|---|
| Reporter's appearance fee | $ | 125.00 |
| Deposition transcripts | | 575.00 |
| Copy of video | | 100.00 |
| Photocopies of exhibits | | 14.20 |
| Delivery service | | 8.00 |
| Total deposition expenses (invoice no.2931) | $ | 822.20 |

(2) Invoice No. 2815 - 05-26-99

|   |   |   |
|---|---|---|
| Filming of deposition | $ | 450.00 |
| Total deposition expense (invoice no. 2815) | $ | 450.00 |

Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, Chris Craft Corp., 770 F.2d at 249; United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1996).

Cervecería India used the abovementioned depositions in connection with a successful motion for summary judgment. Therefore, the amount of $ 700.00 paid for the deposition transcripts and court reporter fees related to the depositions of Samuel Alicea Perea and Samuel Alicea Meléndez are hereby allowed.

The next item to be discussed is the claim of $ 14.20 for photocopies of exhibits included with the deposition transcripts of Samuel Alicea Perea and Samuel Alicea

Civil No. 98-1954 (DRD)                                                                                         Page -4-

Meléndez. 28 U.S.C. § 1920 (4) allows the taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Usually, this item includes the cost of a copy of a document introduced into evidence in lieu of the original, copies attached as exhibits to a document necessarily filed and served to the other parties, or are "reasonably necessary to the maintenance of the action." Rodríguez García v. Dávila, 904 F. 2d 90, 100 (1st Cir. 1990). Cervecería India failed to explain how said exhibits were necessary for the case. Thus, this expense is disallowed without prejudice.

Cervecería India also seeks to recover $ 550.00 related to the videotaping of plaintiff's deposition. Generally the costs of either a videotape or a deposition transcript are taxable, but not both. Brown v. Kemper National Insurance Companies, 1998 WL 472586 at 2 (E.D.Pa.), citing Marcario V. Pratt & Whitney Canada, Inc., 1995 WL 649160 at 2 (E.D.Pa.). Independent and legitimate uses must be found for the transcription and the video, before both sets of costs can be recovered under 28 U.S.C. § 1920(2). See, Tilton v. Capital Cities/ABC, Inc.115 F. 3d 1471, 1478 (10th Cir. 1997); Cherry v. Champion International Corporation, 186 F. 3d 442, 448 (4th Cir. 1999). Defendant alleges that plaintiff is deaf-mute and communicates through sign language. It further alleges that an interpreter of sign language rendered his services during the deposition, and that the video was necessary in order to assure that plaintiff's testimony, as well as the questions posed to him by the interpreter, were duly recorded. The Clerk of the Court finds that the videotape and transcript of the deposition were both necessary for the case, therefore, this expense is allowed.

Cervecería India also claims the reimbursement of $ 8.00 for messenger fees

Civil No. 98-1954 (DRD)                                                                                          Page -5-

related to the depositions. Said reimbursement is disallowed in view of the Court's holding that "[m]essenger services, faxes, telephone charges, postage, stamps, parking and Westlaw charges are all out-of-pocket expenses and, therefore, not recoverable." Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 783 (D.P.R. 1997) citing, Riofrio Anda v. Ralston Purina Co., 772 F. Supp. 46, 54 (D.P.R. 1991), aff'd on other grounds, 959 F. 2d 1149 (1st Cir. 1992) and In re San Juan Dupont Plaza Hotel Fire Litigation, 994 F. 2d 956, 964 (1st Cir. 1993).

**Translation of Documents.** Cervecería India seeks recovery of $ 2,368.00 for the costs of translation and certification of the documents enclosed to the motion for summary judgment. Local Rule 108.1 requires litigants to submit a certified translation of any document not in the English language to be used as evidence. Reasonable costs for the translation of documents to comply with Local Rule 108.1 will be allowed if the documents are shown to be relevant to the litigation. See, Puerto Rico Ports Authority, 193 F.R.D. at 38. Since the documents translated were used in a successful motion for summary judgment, these expenses are allowed as costs.

**Fees for Exemplification and Copies.** Defendant seeks recovery of $ 48.10 for copies of documents. The cost of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). It is the policy of the Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." Davis, 87 F. Supp. 2d at 88, citing Grady v.

Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is the policy of the Clerk of the Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

From the information provided by Cervecería India, we are unable to determine which specific documents were copied and if in fact they were submitted to the District Court, to the plaintiff during discovery proceedings, or were simply copied for the convenience of the party. For the reasons stated herein these costs are disallowed without prejudice.

WHEREFORE, a total amount of $ 3,618.00 is taxed as costs to Cervecería India in the above-captioned action. Cervecería India shall, within ten (10) days from the date of receipt of the taxation of costs, substantiate those claims disallowed without prejudice. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days thereafter.

In San Juan, Puerto Rico, this 7th day of July, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk